# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

|  |  |  |
|---|---|---|
| _____ | ) |  |
| NOKIA CORPORATION, | ) |  |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| APPLE INC., | ) |  |
|  | ) |  |
| Defendant. | ) |  |
| _____ | ) | CIVIL ACTION NO. 10-CV-249 |
|  | ) |  |
| APPLE INC., | ) | **JURY TRIAL DEMANDED** |
|  | ) |  |
| Counterclaim-Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| NOKIA CORPORATION and NOKIA INC., | ) |  |
|  | ) |  |
| Counterclaim-Defendants. | ) |  |
| _____ | ) |  |

## APPLE INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS

This is Apple Inc.'s ("Apple") responsive pleading under Fed. R. Civ. P. 12, and contains

Apple's Defenses and Counterclaims pursuant to Fed. R. Civ. P. 13.

## ANSWER

Apple hereby responds to each numbered paragraph of the Complaint as follows:

## INTRODUCTION[1]

1.        Paragraph 1 contains no allegation to which a response is required.

---

[1]    For convenience and clarity, Apple's Answer utilizes the same headings as set forth in
Nokia's Complaint.  In so doing, Apple does not admit any of the allegations contained in
Nokia's headings.

**PARTIES**

2.      Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2.

3.      Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3.

4.      Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4.

5.      Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5.

6.      Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6.

7.      Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7.

8.      Apple admits the allegations of Paragraph 8.

9.      Apple admits that it began selling the iPhone® in 2007.  Apple denies the remaining allegations of Paragraph 9.

**JURISDICTION AND VENUE**

10.      Apple admits that this Court has subject matter jurisdiction over Nokia's claims.

11.      Apple admits that this Court may exercise personal jurisdiction over Apple.

12.      Apple admits that its products have been used, offered for sale, sold, and purchased in Wisconsin, and that it has placed its products in commerce knowing that they will be sold across the country.  Apple admits that venue is not improper in this District, but because the interests of justice and the convenience of the parties and witnesses would be better served by

transferring this case to the U.S. District Court for the District of Delaware, Apple will file a motion to transfer venue pursuant to 28 U.S.C. § 1404(a).

## FACTUAL BACKGROUND

## OVERVIEW OF THE PATENTS-IN-SUIT

13.     Apple admits that the patents-in-suit relate to a modulator, a position method selection device, and antenna design.  Apple denies the remaining allegations of Paragraph 13.

## THE MODULATOR PATENT

14.     Apple admits that United States Patent No. 6,373,345 ("'345 Patent") is entitled "Modulator Structure for a Transmitter and a Mobile Station"; that the '345 Patent indicates that it was issued by the United States Patent and Trademark Office ("USPTO") on April 16, 2002; and that an uncertified copy of the '345 Patent is attached to the Complaint as Exhibit A.  Apple lacks knowledge or information sufficient to form a belief as to whether Nokia is the current owner of all rights, title, and interest in the '345 Patent, and whether Exhibit A is a true and correct copy.  Apple denies the remaining allegations contained in Paragraph 14.

15.     Apple admits that the '345 Patent purports to be directed to a "Modulator Structure for a Transmitter and a Mobile Station."  Apple denies the remaining allegations contained in Paragraph 15.

## THE POSITIONING PATENT

16.     Apple admits that United States Patent No. 7,558,696 ("'696 Patent") is entitled "Method and Device for Position Determination"; that the '696 Patent indicates that it was issued by the USPTO on July 7, 2009; and that an uncertified copy of the '696 Patent is attached to the Complaint as Exhibit B. Apple lacks knowledge or information sufficient to form a belief as to whether Nokia is the current owner of all rights, title, and interest in the '696 Patent, and whether

Exhibit B is a true and correct copy.  Apple denies the remaining allegations contained in Paragraph 16.

17.     Apple admits that the '719 Patent purports to be directed to a "Method and Device for Position Determination."  Apple denies the remaining allegations contained in Paragraph 17.

## THE ANTENNA PATENTS

18.     Apple admits that United States Patent No. 6,317,083 ("'083 Patent") is entitled "Antenna Having a Feed and a Shorting Post Connected Between Reference Plane and Planar Conductor Interacting to Form a Transmission Line"; that the '083 Patent indicates that it was issued by the USPTO on November 13, 2001; and that an uncertified copy of the '083 Patent is attached to the Complaint as Exhibit C.  Apple lacks knowledge or information sufficient to form a belief as to whether Nokia is the current owner of all rights, title, and interest in the '083 Patent, and whether Exhibit C is a true and correct copy.  Apple denies the remaining allegations contained in Paragraph 18.

19.     Apple admits that the '083 Patent purports to be directed to a "Antenna Having a Feed and a Shorting Post Connected Between Reference Plane and Planar Conductor Interacting to Form a Transmission Line."  Apple denies the remaining allegations contained in Paragraph 19.

20.     Apple admits that United States Patent No. 6,348,894 ("'894 Patent") is entitled "Radio Frequency Antenna"; that the '894 Patent indicates that it was issued by the USPTO on February 19, 2002; and that an uncertified copy of the '894 Patent is attached to the Complaint as Exhibit D.  Apple lacks knowledge or information sufficient to form a belief as to whether Nokia is the current owner of all rights, title, and interest in the '894 Patent, and whether Exhibit D is a true and correct copy.  Apple denies the remaining allegations contained in Paragraph 20.

21.     Apple admits that the '894 patent purports to be directed to a "Radio Frequency Antenna."  Apple denies the remaining allegations contained in Paragraph 21.

22.     Apple admits that United States Patent No. 6,603,431 ("'431 Patent") is entitled "Mobile Station and Antenna Arrangement in Mobile Station"; that the '431 Patent indicates that it was issued by the USPTO on August 5, 2003; and that an uncertified copy of the '431 Patent is attached to the Complaint as Exhibit E.  Apple lacks knowledge or information sufficient to form a belief as to whether Nokia is the current owner of all rights, title, and interest in the '431 Patent, and whether Exhibit E is a true and correct copy.  Apple denies the remaining allegations contained in Paragraph 22.

23.     Apple admits that the '431 Patent purports to be directed to a "Mobile Station and Antenna Arrangement in Mobile Station."  Apple denies the remaining allegations contained in Paragraph 23.

### APPLE'S INFRINGEMENT

24.     Apple denies the allegations of Paragraph 24.

25.     Apple admits that discovery requests Apple served on Nokia in International Trade Commission Investigation No. 337-TA-701 contained a reference to the '431 Patent.  Apple denies the remaining allegations contained in Paragraph 25.

### HARM TO NOKIA FROM APPLE'S INFRINGEMENT

26.     Apple denies the allegations of Paragraph 26.

27.     Apple denies the allegations of Paragraph 27.

28.     Apple denies the allegations of Paragraph 28.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,317,083

29.     Apple incorporates by reference its responses set forth in Paragraphs 1-28 of the

Answer as if fully set forth herein.

30.     Apple denies the allegations of Paragraph 30.

31.     Apple denies the allegations of Paragraph 31.

32.     Apple denies the allegations of Paragraph 32.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 6,348,894

33.     Apple incorporates by reference its responses set forth in Paragraphs 1-32 of the

Answer as if fully set forth herein.

34.     Apple denies the allegations of Paragraph 34.

35.     Apple denies the allegations of Paragraph 35.

36.     Apple denies the allegations of Paragraph 36.

37.     Apple denies the allegations of Paragraph 37.

38.     Apple denies the allegations of Paragraph 38.

39.     Apple denies the allegations of Paragraph 39.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 6,373,345

40.     Apple incorporates by reference its responses set forth in Paragraphs 1-39 of the

Answer as if fully set forth herein.

41.     Apple denies the allegations of Paragraph 41.

42.     Apple denies the allegations of Paragraph 42.

43.     Apple denies the allegations of Paragraph 43.

44.     Apple denies the allegations of Paragraph 44.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 6,603,431

45.     Apple incorporates by reference its responses set forth in Paragraphs 1-44 of the Answer as if fully set forth herein.

46.     Apple denies the allegations of Paragraph 46.

47.     Apple denies the allegations of Paragraph 47.

48.     Apple denies the allegations of Paragraph 48.

49.     Apple denies the allegations of Paragraph 49.

## COUNT V
## INFRINGEMENT OF U.S. PATENT NO. 7,558,696

50.     Apple incorporates by reference its responses set forth in Paragraphs 1-49 of the Answer as if fully set forth herein.

51.     Apple denies the allegations of Paragraph 51.

52.     Apple denies the allegations of Paragraph 52.

53.     Apple denies the allegations of Paragraph 53.

54.     Apple denies the allegations of Paragraph 54.

55.     Apple denies the allegations of Paragraph 55.

56.     Apple denies the allegations of Paragraph 56.

### DEMAND FOR JURY TRIAL

57.     Paragraph 57 contains no allegations to which a response is required.

### <u>APPLE'S DEFENSES TO NOKIA'S COMPLAINT</u>

On information and belief, Apple asserts the following defenses to Nokia's Complaint:

### First Defense (Non-Infringement)

Nokia is not entitled to any relief against Apple because Apple has not directly or indirectly infringed any valid claim of the '083 Patent, '894 Patent, '345 Patent, '431 Patent, and '696 Patent.

### Second Defense (Invalidity)

The claims of the Nokia Asserted Patents are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and 112.

### Third Defense (Limitation of Damages)

Nokia's right to seek damages is limited, including without limitation by 35 U.S.C. §§ 286 and 287.

### COUNTERCLAIMS

Plaintiff-in-counterclaim Apple, on personal knowledge as to its own acts, and on information and belief as to all others based on its own and its attorneys' investigation, alleges Counterclaims against Nokia Corporation and Nokia, Inc. (collectively, "Nokia") as follows:

### NATURE OF THE ACTION

1.     These Counterclaims arise from Nokia's copying and infringement of Apple's innovative technologies, including the enormously popular and patented design and user interface of the Apple iPhone®.  As Anssi Vanjoki, Nokia's Executive Vice President and General Manager of Multimedia, stated in 2007 when asked about the similarities between Nokia's new offerings and the already released iPhone®: "If there is something good in the

world, we copy with pride."  True to this quote, Nokia has copied important features of the iPhone®.

2.      Apple accordingly brings these Counterclaims against Nokia for infringement of Apple's patents.  Specifically, Apple seeks remedies for Nokia's infringement of Apple's U.S. Patent Nos. 5,946,647 ("the '647 Patent"), 5,612,719 ("the '719 Patent"), 7,710,290 ("the '290 Patent"), 7,380,116 ("the '116 Patent"), 7,054,981 ("the '981 Patent"), 5,379,430 ("the '430 Patent"), and 7,355,905 ("the '905 Patent") (collectively, "the Asserted Apple Patents").

## PARTIES

3.      Apple is a corporation organized under the laws of the State of California, and its principal place of business is in Cupertino, California.

4.      Apple designs and markets a broad range of highly innovative products including personal computers (*e.g.*, MacBook®s, Mac® Pro, iMac®s), portable digital music players, (iPod®s), mobile communications devices (iPhone®s), and the recently launched iPad™.  Apple also sells a variety of other products and services, including software, peripherals (printers, displays, computer memory, etc.), and networking solutions.  In addition, Apple sells a variety of digital content, including music and video, through its on-line iTunes® Store.

5.      According to Nokia's Complaint, Nokia Corporation is incorporated under the laws of Finland and has its principal place of business in Finland.  Nokia, Inc., Nokia Corporation's wholly owned United States subsidiary, is incorporated in Delaware, with a principal place of business in Texas.

6.      Nokia sells, among other products, "smartphones" (phones with email, Internet, messaging, and other advanced features), that compete with Apple's iPhone®.

## JURISDICTION AND VENUE

7.    The Court has jurisdiction over these counterclaims pursuant to the Federal Patent Act, 28 U.S.C. §§ 1338(a), 2201, 2202, and pursuant to 28 U.S.C. §§ 1331.

8.    Nokia Corporation has subjected itself to personal jurisdiction by suing Apple in this District, and, in any event, Nokia, Inc. and Nokia Corporation are subject to personal jurisdiction because they place wireless communication devices in the stream of commerce knowing that such products will be sold in the State of Wisconsin.

9.    To the extent that venue is found to be proper under 28 U.S.C. § 1400 for any of the claims in Nokia's Complaint, venue is also appropriate under 28 U.S.C. §1400 for these counterclaims.  Because the interests of justice and the convenience of the parties and witnesses, however, would be better served by transferring this case to the U.S. District Court for the District of Delaware, Apple will move to transfer this case to that District pursuant to 28 U.S.C. § 1404(a).

## BACKGROUND

10.    This case arises out of Nokia's attempt to leverage certain of its patents to obtain a license to Apple's highly valuable iPhone® technology.

11.    When mobile wireless handsets and cell phones were first introduced, the technology focused on the ability to make and receive traditional voice calls.  Nokia was an early participant in the development and sale of these traditional voice call-focused mobile phones.  Over time, however, mobile phone technology converged with computer technology and other technology advances, including many advances pioneered by Apple.  The result of this convergence of technology is that today's mobile phones have not only traditional voice capabilities, but also an enormously wide range of capabilities that historically have been found

only in personal computers.  For example, today's "smartphones" can send and receive emails, surf the Internet, play videos and music, take and send pictures, and run software applications. As the capabilities of smartphones have evolved, so has the need for sophisticated user interfaces and underlying hardware components, ensuring that users' interactions with these applications are simple and efficient.

12.     Long a leader in computer technology, Apple foresaw the importance of converged user-friendly mobile devices.  Capitalizing upon its unique hardware, application and operating system software, services, and know-how, Apple provides its customers new products and solutions with superior ease-of-use, seamless integration, and innovative industrial design. Apple has designed a business strategy based on the convergence of personal computers, mobile communications, and digital consumer electronics, and has produced cutting-edge, technologically superior, and user-friendly devices such as the iPod®, iPod Touch®, iPhone®, and iPad™.

13.     In 2007, Apple introduced the iPhone®, a ground-breaking device that allowed users access to the functionality of the already popular iPod® on a revolutionary mobile phone and Internet device.  The iPhone® is a converged device – combining in a single handheld product a mobile phone, a widescreen iPod®, and an Internet communication platform – and allows users to access an ever expanding set of software features to take and send pictures, to play music, to play games, to do research, to access GPS functionality, and to do much more. This access is provided through a highly sophisticated user interface, enabling users to manipulate the various features and applications through a simple and innovative touch screen. The convergence of technologies and popularity of the iPhone® and its "apps" are evident by the

overwhelming success of Apple's App Store, which now offers more than 100,000 "apps" in twenty different categories, including games, business, news, sports, health, and travel.

14.     After its introduction in 2007, the iPhone® quickly became a leading smartphone, and has caused a revolutionary change in the mobile phone category.  Indeed, on June 24, 2010, Apple released the newest version of the iPhone® – the iPhone® 4 – and is estimated to have sold 1.5 million units on that day alone, surpassing the first-day sales of any previous version of the iPhone®.

15.     Nokia, in contrast, made a different business decision to remain focused on traditional mobile wireless handsets with conventional user interfaces.  As a result, Nokia has rapidly lost share in the market for high-end mobile phones.  Indeed, Nokia has admitted that, as a result of the iPhone® launch, "the market changed suddenly and [Nokia was] not fast enough changing with it."  *See* Abhinav Ramnarayan, "Nokia Fights Back for Share of Smartphone Market," The Guardian (London), Sept. 3, 2009, at 24.

16.     By the fourth quarter of 2008, Nokia's worldwide share had dropped to 40.8%, down from 50.9% in the fourth quarter of 2007.  Industry reports recognized that Nokia's portfolio was heavily skewed toward low-end devices, and Nokia was exposed to competitive pressure in the higher end of the consumer smartphone segment.

17.     In response to its loss of market share for high-end mobile phones, Nokia chose to copy many of the important features of the iPhone®, including its enormously popular and patented design and user interface, as well as features of its operating system and hardware interfaces.

18.     In June 2009, Nokia launched the N97, its "flagship mobile computer."  Nokia's N97 offers a full QWERTY keyboard, a customizable home screen, Internet, music, video, maps

and navigation, as well as a built in camera.  The launch only exacerbated Nokia's struggles.
One industry report noted that the N97 launch "met little enthusiasm."  Nokia reportedly sold
just 500,000 units through August 2009.

19.     Later the same year, in October 2009, Nokia launched the N900, a new design
that Nokia touted as "empower[ing] users to have dozens of applications windows open and
running simultaneously while taking full advantage of the cellular features, touch screen and
QWERTY keyboard."

20.     Nokia's latest entry in the smartphone market, the N8, has many of the same
features as the iPhone®, and even the same look and feel.  The N8 is scheduled to launch later
this year, and on information and belief, has already been demonstrated in the United States.

21.     After copying Apple's innovative technologies, and implementing them in its
smartphones, Nokia attempted to leverage its own patents in licensing negotiations with Apple in
an effort to obtain a license to Apple's highly valuable technology.

22.     When Apple rejected Nokia's unreasonable licensing demands, Nokia began
filing a series of complaints for patent infringement, including two complaints in the District of
Delaware, a related complaint in the International Trade Commission, and, most recently, this
action in the Western District of Wisconsin.

## THE ASSERTED APPLE PATENTS

23.     The Asserted Apple Patents cover features of mobile phones, including user
interfaces, location-based software applications, device interfaces, operating systems and
integrated circuits

## USER INTERFACE PATENTS

24.     The '647 Patent, entitled "System and Method for Performing an Action on a Structure in Computer-Generated Data," was duly and legally issued on August 31, 1999 by the United States Patent and Trademark Office ("USPTO").  A true and correct copy of the '647 Patent is attached hereto as Exhibit A.  Apple is the exclusive and current owner of all rights, title and interest in the '647 patent.

25.     The '647 Patent describes systems and methods for detecting certain types of data structures in computer data, and linking corresponding actions to the detected data structures. For example, using the '647 invention, a smartphone can detect the data structure of a telephone number within the text of a received email, and create a link to the action of calling that telephone number, so that a user can place a call to that number by selecting the number in the text of the email.

26.     The '719 Patent, entitled "Gesture Sensitive Buttons For Graphical User Interfaces," was duly and legally issued on March 18, 1997 by the USPTO.  A true and correct copy of the '719 Patent is attached hereto as Exhibit B.  Apple is the exclusive and current owner of all rights, title and interest in the '719 Patent.

27.     The '719 Patent describes a user interface with a gesture sensitive button image that is responsive to multiple distinct gestures associated with it.  Upon detecting any one of the distinct gestures, the interface initiates a corresponding action.

## LOCATION-BASED SOFTWARE PATENT

28.     The '290 Patent, entitled "System and Method for Situational Location Relevant Invocable Speed Reference," was duly and legally issued on May 4, 2010 by the USPTO.  A true and correct copy of the '290 Patent is attached hereto as Exhibit C.  Apple is the exclusive and current owner of all rights, title and interest in the '290 Patent.

-14-

29.     The '290 Patent describes a system and method for receiving situational location dependent reference information, such as a phone number, and for invoking that reference, such as dialing the phone number.

## DEVICE INTERFACE PATENTS

30.     The '116 Patent, entitled "System for Real-Time Adaptation To Changes In Display Configuration" was duly and legally issued on May 27, 2008 by the USPTO.  A true and correct copy of the '116 Patent is attached hereto as Exhibit D.  Apple is the exclusive and current owner of all rights, title and interest in the '116 Patent.

31.     The '116 Patent provides for the reconfiguration of a computer system to accommodate changes in the display environment when the computer system is connected to a new display device, for example, when a user connects a mobile phone to a television display. Upon a new display device being detected, the operating system modifies the allocation of display space to the new display device, without the system needing to be restarted.

32.     The '981 Patent, entitled "Methods And Apparatus For Providing Automatic High Speed Data Connection In Portable Device," was duly and legally issued on May 30, 2006 by the USPTO.  A true and correct copy of the '981 Patent is attached hereto as Exhibit E.  Apple is the exclusive and current owner of all rights, title and interest in the '981 Patent.

33.     The '981 Patent describes a direct, high speed data transfer connection between a computer device, such as a personal computer, and a local memory, such as the memory of a mobile phone.

## OPERATING SYSTEM PATENT

34.     The '430 Patent, entitled "Object-Oriented System Locator System," was duly and legally issued on January 3, 1995 by the USPTO.  A true and correct copy of the '430 Patent

is attached hereto as Exhibit F.  Apple is the exclusive and current owner of all rights, title and interest in the '430 Patent.

35.    The '430 Patent describes a system and method for dynamically adding support for hardware or software components to a computer system, such as a mobile phone, without rebooting the operating system.

## INTEGRATED CIRCUIT PATENT

36.    The '905 Patent, entitled "Integrated Circuit With Separate Supply Voltage For Memory That Is Different From Logic Circuit Supply Voltage" was duly and legally issued on April 8, 2008 by the USPTO.  A true and correct copy of the '905 Patent is attached hereto as Exhibit G.  Apple is the exclusive and current owner of all rights, title and interest in the '905 Patent.

37.    The '905 patent provides for a way to reduce power consumption in an integrated circuit having a logic circuit and a memory circuit coupled to the logic circuit, such as the logic and memory circuits used in mobile phones, supplied at different voltages.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### Infringement of the '647 Patent

38.    Apple repeats and re-alleges the allegations of the preceding Counterclaim Paragraphs 1-37 above as if fully set forth herein.

39.    Nokia has infringed and continues to infringe at least one claim of the '647 Patent, either literally or by the doctrine of equivalents, either directly or indirectly, in violation of 35 U.S.C. § 271.  The infringing Nokia products or services include, but are not limited to, the Nokia N97, N900 and N8.

40.     Nokia reviewed Apple's patent portfolio prior to its filing of this action, and, in addition, Apple has identified various specific patents to Nokia prior to Nokia's commencement of this lawsuit.

41.     Nokia has engaged in and/or is now engaging in willful and deliberate infringement of the '647 Patent that justifies an increase of up to three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

42.     Nokia's continued infringement of the '647 Patent has and will continue to cause irreparable harm.

## SECOND CAUSE OF ACTION
### Infringement of the '719 Patent

43.     Apple repeats and re-alleges the allegations of the preceding Counterclaim Paragraphs 1-42 above as if fully set forth herein.

44.     Nokia has infringed and continues to infringe at least one claim of the '719 Patent, either literally or by the doctrine of equivalents, either directly or indirectly, in violation of 35 U.S.C. § 271.  The infringing Nokia products or services include, but are not limited to, the Nokia N8.

45.     Nokia reviewed Apple's patent portfolio prior to its filing of this action, and, in addition, Apple has identified various specific patents to Nokia prior to Nokia's commencement of this lawsuit.

46.     Nokia has engaged in and/or is now engaging in willful and deliberate infringement of the '719 Patent that justifies an increase of up to three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

-17-

47.     Nokia's continued infringement of the '719 Patent has and will continue to cause irreparable harm.

## THIRD CAUSE OF ACTION
### Infringement of the '290 Patent

48.     Apple repeats and re-alleges the allegations of the preceding Counterclaim Paragraphs 1-47 above as if fully set forth herein.

49.     Nokia has infringed and continues to infringe at least one claim of the '290 Patent, either literally or by the doctrine of equivalents, either directly or indirectly, in violation of 35 U.S.C. § 271.  The infringing Nokia products or services include, but are not limited to, Nokia mobile phones running Nokia's Ovi Maps software.

50.     Nokia reviewed Apple's patent portfolio prior to its filing of this action, and, in addition, Apple has identified various specific patents to Nokia prior to Nokia's commencement of this lawsuit.

51.     Nokia has engaged in and/or is now engaging in willful and deliberate infringement of the '290 Patent that justifies an increase of up to three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

52.     Nokia's continued infringement of the '290 Patent has and will continue to cause irreparable harm.

## FOURTH CAUSE OF ACTION
### Infringement of the '116 Patent

53.     Apple repeats and re-alleges the allegations of the preceding Counterclaim Paragraphs 1-52 above as if fully set forth herein.

54.     Nokia has infringed and continues to infringe at least one claim of the '116 Patent, either literally or by the doctrine of equivalents, either directly or indirectly, in violation of 35 U.S.C. § 271.  The infringing Nokia products or services include, but are not limited to, the Nokia N8.

55.     Nokia reviewed Apple's patent portfolio prior to its filing of this action, and, in addition, Apple has identified various specific patents to Nokia prior to Nokia's commencement of this lawsuit.

56.     Nokia has engaged in and/or is now engaging in willful and deliberate infringement of the '116 Patent that justifies an increase of up to three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

57.     Nokia's continued infringement of the '116 Patent has and will continue to cause irreparable harm.

## FIFTH CAUSE OF ACTION
### Infringement of the '981 Patent

58.     Apple repeats and re-alleges the allegations of the preceding Counterclaim Paragraphs 1-57 above as if fully set forth herein.

59.     Nokia has infringed and continues to infringe at least one claim of the '981 Patent, either literally or by the doctrine of equivalents, either directly or indirectly, in violation of 35 U.S.C. § 271.  The infringing Nokia products or services include, but are not limited to, the Nokia N97, N900 and N8.

60.     Nokia reviewed Apple's patent portfolio prior to its filing of this action, and, in addition, Apple has identified various specific patents to Nokia prior to Nokia's commencement of this lawsuit.

61.     Nokia has engaged in and/or is now engaging in willful and deliberate infringement of the '981 Patent that justifies an increase of up to three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

62.     Nokia's continued infringement of the '981 Patent has and will continue to cause irreparable harm.

### SIXTH CAUSE OF ACTION
### Infringement of the '430 Patent

63.     Apple repeats and re-alleges the allegations of the preceding Counterclaim Paragraphs 1-62 above as if fully set forth herein.

64.     Nokia has infringed and continues to infringe at least one claim of the '430 Patent, either literally or by the doctrine of equivalents, either directly or indirectly, in violation of 35 U.S.C. § 271.  The infringing Nokia products or services include, but are not limited to, applications and system software developed using the Nokia Qt Service Framework.

65.     Nokia reviewed Apple's patent portfolio prior to its filing of this action, and, in addition, Apple has identified various specific patents to Nokia prior to Nokia's commencement of this lawsuit.

66.     Nokia has engaged in and/or is now engaging in willful and deliberate infringement of the '430 Patent that justifies an increase of up to three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

67.     Nokia's continued infringement of the '430 Patent has and will continue to cause irreparable harm.

## SEVENTH CAUSE OF ACTION
### Infringement of the '905 Patent

68.     Apple repeats and re-alleges the allegations of the preceding Counterclaim Paragraphs 1-67 above as if fully set forth herein.

69.     Nokia has infringed and continues to infringe at least one claim of the '905 Patent, either literally or by the doctrine of equivalents, either directly or indirectly, in violation of 35 U.S.C. § 271.  The infringing Nokia products or services include, but are not limited to, the Nokia N900.

70.     Nokia reviewed Apple's patent portfolio prior to its filing of this action, and, in addition, Apple has identified various specific patents to Nokia prior to Nokia's commencement of this lawsuit.

71.     Nokia has engaged in and/or is now engaging in willful and deliberate infringement of the '905 Patent that justifies an increase of up to three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

72.     Nokia's continued infringement of the '905 Patent has and will continue to cause irreparable harm.

## EIGHTH CAUSE OF ACTION
### Declaratory Judgment of Non-Infringement of the '083 Patent

73.     Apple repeats and re-alleges the allegations of the preceding Counterclaim Paragraphs 1-72 above as if fully set forth herein.

74.     Apple has not directly or indirectly infringed and is not directly or indirectly infringing any valid claim of the '083 Patent.

75.     To resolve the legal and factual questions raised by Nokia and to afford relief from the uncertainty and controversy that Nokia's accusations have precipitated, Apple is entitled to a declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '083 Patent.

<u>**NINTH CAUSE OF ACTION**</u>

**Declaratory Judgment of Invalidity of the '083 Patent**

76.     Apple repeats and re-alleges the allegations of the preceding Counterclaim Paragraphs 1-75 as if fully set forth herein.

77.     One or more claims of the '083 Patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and/or 112.

78.     To resolve the legal and factual questions raised by Nokia and to afford relief from the uncertainty and controversy that Nokia's accusations have precipitated, Apple is entitled to a declaratory judgment that the '083 Patent is invalid.

<u>**TENTH CAUSE OF ACTION**</u>

**Declaratory Judgment of Non-Infringement of the '894 Patent**

79.     Apple repeats and re-alleges the allegations of the preceding Counterclaim Paragraphs 1-78 as if fully set forth herein.

80.     Apple has not directly or indirectly infringed and is not directly or indirectly infringing any valid claim of the '894 Patent.

81.     To resolve the legal and factual questions raised by Nokia and to afford relief from the uncertainty and controversy that Nokia's accusations have precipitated, Apple is entitled to a declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '894 Patent.

## ELEVENTH CAUSE OF ACTION

### Declaratory Judgment of Invalidity of the '894 Patent

82.    Apple repeats and re-alleges the allegations of the preceding Counterclaim Paragraphs 1-81 as if fully set forth herein.

83.    One or more claims of the '894 Patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and/or 112.

84.    To resolve the legal and factual questions raised by Nokia and to afford relief from the uncertainty and controversy that Nokia's accusations have precipitated, Apple is entitled to a declaratory judgment that the '894 Patent is invalid.

## TWELFTH CAUSE OF ACTION

### Declaratory Judgment of Non-Infringement of the '345 Patent

85.    Apple repeats and re-alleges the allegations of the preceding Counterclaim Paragraphs 1-84 as if fully set forth herein.

86.    Apple has not directly or indirectly infringed and is not directly or indirectly infringing any valid claim of the '345 Patent.

87.    To resolve the legal and factual questions raised by Nokia and to afford relief from the uncertainty and controversy that Nokia's accusations have precipitated, Apple is entitled to a declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '345 Patent.

## THIRTEENTH CAUSE OF ACTION

### Declaratory Judgment of Invalidity of the '345 Patent

88.    Apple repeats and re-alleges the allegations of the preceding Counterclaim Paragraphs 1-87 as if fully set forth herein.

-23-

89.     One or more claims of the '345 Patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and/or 112.

90.     To resolve the legal and factual questions raised by Nokia and to afford relief from the uncertainty and controversy that Nokia's accusations have precipitated, Apple is entitled to a declaratory judgment that the '345 Patent is invalid.

<u>**FOURTEENTH CAUSE OF ACTION**</u>
**Declaratory Judgment of Non-Infringement of the '431 Patent**

91.     Apple repeats and re-alleges the allegations of the preceding Counterclaim Paragraphs 1-90 as if fully set forth herein.

92.     Apple has not directly or indirectly infringed and is not directly or indirectly infringing any valid claim of the '431 Patent.

93.     To resolve the legal and factual questions raised by Nokia and to afford relief from the uncertainty and controversy that Nokia's accusations have precipitated, Apple is entitled to a declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '431 Patent.

<u>**FIFTEENTH CAUSE OF ACTION**</u>
**Declaratory Judgment of Invalidity of the '431 Patent**

94.     Apple repeats and re-alleges the allegations of the preceding Counterclaim Paragraphs 1-93 as if fully set forth herein.

95.     One or more claims of the '431 Patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and/or 112.

96.     To resolve the legal and factual questions raised by Nokia and to afford relief from the uncertainty and controversy that Nokia's accusations have precipitated, Apple is entitled to a declaratory judgment that the '431 Patent is invalid.

## SIXTEENTH CAUSE OF ACTION
### Declaratory Judgment of Non-Infringement of the '696 Patent

97.     Apple repeats and re-alleges the allegations of the preceding Counterclaim Paragraphs 1-96 as if fully set forth herein.

98.     Apple has not directly or indirectly infringed and is not directly or indirectly infringing any valid claim of the '696 Patent.

99.     To resolve the legal and factual questions raised by Nokia and to afford relief from the uncertainty and controversy that Nokia's accusations have precipitated, Apple is entitled to a declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '696 Patent.

## SEVENTEENTH CAUSE OF ACTION
### Declaratory Judgment of Invalidity of the '696 Patent

100.     Apple repeats and re-alleges the allegations of the preceding Counterclaim Paragraphs 1-99 as if fully set forth herein.

101.     One or more claims of the '696 Patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and/or 112.

102.     To resolve the legal and factual questions raised by Nokia and to afford relief from the uncertainty and controversy that Nokia's accusations have precipitated, Apple is entitled to a declaratory judgment that the '696 Patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Apple requests that the Court:

      a.      Dismiss the Complaint in its entirety, with prejudice;

      b.      Enter judgment in favor of Apple and against Nokia;

      c.      Declare that Apple has not infringed, and is not infringing, each of the Nokia Asserted Patents;

      d.      Declare that one or more of the claims of each of the Nokia Asserted Patents are invalid, void and/or unenforceable against Apple;

      e.      Declare that Nokia has infringed one or more claims of each of U.S. Patent Nos. 5,946,647; 5,612,719; 7,710,290; 7,380,116; 7,054,981; 5,379,430; and 7,355,905 (collectively, the "Apple Asserted Patents");

      f.      Declare that Nokia's infringement of one or more claims of the Apple Asserted Patents is and/or has been willful;

      g.      Award a preliminary and permanent injunction prohibiting Nokia, its subsidiaries, divisions, agents, servants, employees, and those in privity with Nokia from infringing, contributing to the infringement of, and inducing infringement of the Apple Asserted Patents, and for further proper injunctive relief;

      h.      Award to Apple damages for Nokia's infringement with interest, as well as costs (including expert fees), disbursements, and reasonable attorneys' fees incurred in this action, pursuant to 35 U.S.C. § 285;

      i.      Award Apple treble damages pursuant to 35 U.S.C. § 284; and

      j.      Grant such further relief as the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff Apple hereby demands trial by jury on all issues so triable raised by the

Complaint or by these Counterclaims.


GODFREY & KAHN, S.C.


OF COUNSEL:

WILMER CUTLER PICKERING
HALE AND DORR LLP

William F. Lee
Cynthia D. Vreeland
Dominica E. Massa
60 State Street, Boston, MA 02109
Tel. (617) 526-6000

Keith Slenkovich
1117 California Avenue
Palo Alto, CA 94304
Tel. (650) 858-6000

Dated:  June 28, 2010

By:   *s/James D. Peterson*
      James Donald Peterson (# 1022819)
      One East Main Street, Suite 500
      P.O. Box 2719
      Madison, WI 53701-2719
      Tel:  (608) 257-3911
      Fax: (608) 257-0609
      jpeterson@gklaw.com

*Attorneys for Defendant and
Counterclaim-Plaintiff Apple Inc.*

5133241_1

US1DOCS 7588004v1

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2010, I caused this document to be electronically filed with the Clerk of Court using the ECF system, which will make these documents available to all counsel of record for viewing and downloading from the ECF system.

The undersigned further certifies that manual notice was sent to the following non-CM/ECF participant by email:

| | |
|---|---|
| John D. Haynes<br>Alston & Bird, LLP<br>1201 W. Peachtree Street<br>Atlanta, GA  30309-3424<br>Tel: 404-881-7000<br>Fax: 404-881-7777<br><br><br>*Attorneys for Nokia Corporation* | john.haynes@alston.com |

*s/James D. Peterson*

James D. Peterson