IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NOKIA CORPORATION,

ORDER

Plaintiff,

10-cv-249-wmc

v.

APPLE INC.,

Defendant.

---

This case arises out of a larger patent dispute between plaintiff Nokia Corporation and defendant Apple Inc. — competitors in wireless communications. Nokia seeks injunctive and monetary relief against Apple for infringing on Nokia's United States Patents numbers 6,317,083 ("the 083 Patent"); 6,348,894 ("the 894 Patent"); 6,373,345 ("the 345 Patent"); 6,603,431 ("the 431 Patent"); and 7,558,696 ("the 696 Patent") (collectively the "patents-in-suit"). These patents concern technology used by both parties in wireless communication devices. This court has jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1338(a), but Apple moves to transfer venue to the District of Delaware under 28 U.S.C. § 1404(a ). Because Apple has met its burden of establishing that the District of Delaware is clearly the more convenient forum on the specific facts and circumstances presented here, the motion to transfer will be granted.

1

BACKGROUND

Nokia is incorporated under the laws of Finland with its principal place of business in Espoo, Finland.  Apple is a corporation organized under the laws of California with its principal place of business in Cupertino, California.   Both parties conduct business throughout the United States, including in this district.   Nokia alleges that Apple has and continues to infringe each of the patents-in-suit by engaging in acts constituting infringement under 35 U.S.C. § 271.   The allegations involve many of Apple's well-known products, including the iPhone, iPhone 3G, iPhone 3GS, and iPad 3G.   In addition to this case, Nokia filed two other lawsuits against Apple for patent infringement in the District of Delaware.   The extent to which these pending suits are related to Nokia's claims here is a matter of dispute between the parties.

Nokia first filed suit against Apple on October 22, 2009, in the District of Delaware, alleging infringement of ten patents by Apple wireless communication devices, including the iPhone, iPhone 3G, and iPhone 3GS.   Apple then filed counterclaims for infringement of nine Apple patents by Nokia's N900 and other products, as well as claims for breach of contract and attempted monopolization.   On December 29, 2009, Nokia filed a second complaint in the District of Delaware.   This suit alleged infringement of seven additional patents by Apple, based on the iPhone 3G and iPhone 3GS products.   Apple again filed counterclaims for infringement of nine Apple patents, also by Nokia's N900 and other related products.   Both sets of claims from the second Nokia suit were also raised in parallel proceedings before the U.S. International Trade Commission and have been stayed by stipulation of the parties pending resolution of the

ITC investigations.

In addition to these suits before Chief Judge Sleet, Apple filed two lawsuits in Delaware against another wireless competitor, High Tech Computer Corp. and its subsidiaries (collectively, "HTC").  These suits were both assigned to Senior District Judge Kelly, sitting by designation; Judge Kelly also stayed one of these cases pending resolution of ITC proceedings.  On May 24, 2010, Apple moved to consolidate the two Nokia cases together with the HTC cases.  Among other reasons, Nokia opposed the motion on the grounds that (1) its first lawsuit alone involved 10 Nokia patents essential to wireless communication standards, (2) Apple had opposed consolidation of the Nokia and HTC proceedings before the ITC as "unworkably complex," and (3) it made little sense to consolidate its first suit with three other actions, "two of which are stayed and two of which involve a third international competitor and its various accused products." HTC also opposed the motion, noting that Apple only filed it following HTC's motion to transfer its two cases to the Northern District of California, "Apple's home district and the district without question most closely connected to this case," and asserting general lack of overlap in patents, technology, products and witnesses between Apple's disputes with Nokia and HTC.  On December 6, 2010, Judge Sleet denied the motion by a two-page order.

On May 7, 2010, Nokia filed the current action against Apple in the Western District of Wisconsin, alleging infringement of the five patents-in-suit.  The patents-in-suit relate to three main components in wireless communication devices: one patent concerns a modulator for improving transmission of speech and data; another patent

facilitates design of applications using mobile device positioning data; and the other three patents concern antenna configurations that improve performance and save space in mobile devices.  Apple answered on June 28, 2010, asserting counterclaims alleging that Nokia's N97, N900, N8, and related mobile communication products infringe seven of Apple's patents.  One day later, Apple filed this motion to transfer the case to the District of Delaware.

OPINION

A motion to transfer venue is governed by 28 U.S.C. § 1404(a).  Under § 1404(a), transfer is permissible "when (1) venue is proper in the transferor district and (2) the transferee district is one in which the action could have been brought."  *Illumina, Inc. v. Affymetrix, Inc.*, No. 09-CV-277-BBC, 2009 WL 3062786, at *5 (W.D. Wis. Sept. 21, 2009).  Neither party disputes that venue is proper here, nor that this action could have been brought in the District of Delaware.

In deciding whether to transfer a case to another district, a court must consider whether the transfer (a) serves the convenience of the parties and witnesses and (b) will promote the interests of justice.  28 U.S.C. § 1404(a); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986).  In assessing the convenience of the parties and witnesses, factors to consider include the plaintiff's choice of forum, the situs of material events, and ease of access to sources of proof.  *Harley-Davidson, Inc. v. Columbia Tristar Home Video*, 851 F.Supp. 1265, 1269 (E.D. Wis. 1994).  "Factors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court

4

system." *Coffey*, 796 F.2d at 221.  This includes whether transfer would help the plaintiff receive a speedier trial and whether transfer would make consolidation of related litigation feasible.  *Id*.  The moving party bears "the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient."  *Id*. at 219-20.  For the reasons stated below, Apple has met this burden.

### A.  Convenience of the Parties and Witnesses

Generally, a plaintiff's choice of forum is given deference when the plaintiff is litigating in its home forum.  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981).  This deference is premised on the reasonable assumption that a plaintiff would choose its home forum because it is convenient.  *Id.*  As already noted, however, Wisconsin is not Nokia's home forum; Nokia is incorporated under the laws of Finland, and its U.S. subsidiary is a Delaware corporation with its principal place of business in Texas.  Nokia's choice of Delaware as a forum for two similar disputes with Apple over wireless communication patents further undermines any deference due its choice of forum here.  Accordingly, Nokia's choice of forum is due limited, if any, deference.

Apple contends that the convenience of the parties and witnesses would be better served by transferring this case to the District of Delaware because of the related, pending litigation in that district.  Moreover, although both parties admit that they conduct business in Wisconsin, Apple denies any meaningful connection to Wisconsin.[1]

---

[1] Both Apple and Nokia note that the other party has taken contrary positions in prior litigation in this district.  In 2006, Apple's predecessor corporation—Apple Computer, Inc.—filed a patent infringement suit in this district (dkt. #22, exh. 26), and

While it appears unlikely that any material fact witnesses or trial materials will be located in Wisconsin, "technological advancements have diminished traditional concerns related to ease of access to sources of proof and the cost of obtaining attendance of witnesses." *Milwaukee Elec. Tool Corp. v. Black & Decker (N.A.) Inc.,* 392 F. Supp. 2d 1062, 1064 (W.D. Wis. 2005). The location of Apple or Nokia employee witnesses, in particular, is not a heavily weighted factor because "witnesses within the control of the party calling them, such as employees, will appear voluntarily." *Adams v. Newell Rubbermaid Inc.,* No. 07-C-313-S, 2007 WL 5613420, at *3 (W.D. Wis. Aug. 21, 2007) (citation omitted).

The convenience of non-party witnesses presents a weightier consideration as they are not within the control of the parties. Apple has identified at least three third-party manufacturers — Infineon Technologies, Foxconn Electronics, and Samsung Electronics — who are expected to testify both in this case and in the pending litigation in Delaware. Apple contends that because these witnesses will be appearing in Delaware regardless of

---

in 2007, Nokia moved to transfer a patent infringement suit filed in this district because of the company's lack of contacts with Wisconsin and its interest in consolidating the case with related litigation. (Dkt. #14, exh. 14.) Nokia also argues in its supplemental response, which the court considered, that Apple can no longer claim that this district is not a convenient forum because of two separate patent infringement lawsuits Apple recently brought against Motorola, Inc. and Motorola Mobility, Inc. in this district. (Dkt. # 50.) The court gives little significance to any of these arguments. When considering a transfer motion, the court's analysis varies with the unique circumstances surrounding each case, regardless of prior or current litigation. What may prove to be a convenient forum for a party in one context may not necessarily be the case for the same party in another. *See Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964) (§ 1404(a) requires "individualized, case-by-case consideration of convenience and fairness"); *Gemini IP Tech, LLC. v. Hewlett-Packard Co.,* No. 07-C-205-S, 2007 WL 2050983, at *1-*2 (W.D. Wis. July 16, 2007) (granting defendant's motion to transfer despite argument that defendant had litigated in forum in the past because "[e]ach case must be judged on its own practicalities" and "[a] corporation does not forfeit its right to claim greater convenience in another forum because . . . it has litigated here in the past").

this case, it would be convenient for these witnesses to eliminate the need for duplicative appearances. The location of non-party witnesses, however, is an important factor when such witnesses will not testify voluntarily, and Apple has not demonstrated that court compulsion is necessary to get the third-party manufacturers to testify. *See Semiconductor Energy Lab. Co., Ltd. v. Samsung Elecs. Co.*, No. 09-cv-1-BBC, 2009, 2009 WL 1615528 at *4 (W.D. Wis. June 9, 2009) ("typically the location of such non-party witnesses is an important factor only when court compulsion is necessary to get such witnesses to testify"). Furthermore, Apple fails to provide any reason why they cannot obtain their testimony via deposition, when "in patent actions, depositions are customary and are satisfactory as a substitute for technical issues." *Newell Rubbermaid*, 2007 WL 5613420, at *3. Similarly, where a need is shown, live testimony via video conferencing has become relatively commonplace in this court. Consequently, the convenience of parties and witnesses is not a determinative factor in the court's transfer analysis here.

**B. Interests of Justice**

The interests of justice analysis relates "to the efficient functioning of the courts, not to the merits of the underlying dispute." *Coffey*, 796 F.2d at 220-21. Important factors are whether the litigants are more likely to receive a speedy trial and the feasibility of consolidation of related litigation. *Id*.

1. Speedy Trial

Nokia's principal argument in opposing Apple's transfer motion is the relative

speed of this district's docket.  Nokia claims that it is losing market share in wireless communication devices due to Apple's infringement and a delay in resolving this dispute would substantially affect the value of its patents.  If this case is transferred to Delaware, Nokia contends, it would experience a delay of over a year and a half from the expected trial date in Wisconsin.[2]

Nokia is correct in asserting that speed is an important consideration when selecting venue, particularly "[w]hen a patent infringement case centers on [competitors] in a dynamic market."  *Illumina*, 2009 WL 3062786, at *13-*14.  Here, the wireless market appears unusually dynamic both in terms of the intensity of competition and speed of innovation.  Within the circumstances of this case, however, speed assumes diminished significance.  Although it is true that the parties are competitors in the wireless communications market, Nokia does not explain why it could not be compensated by a reasonable royalty.  Indeed, the dispute between Nokia and Apple arose after failed licensing negotiations between the parties, indicating that even Nokia believed it "could be readily compensated by a reasonable royalty, making a swift trial less critical."  *Matsushita Elec. Indus. Co., Ltd. v. Siliconix Inc.*, No. 05-C-732-S, 2006 WL 517628, at *6 (W.D. Wis. Mar. 2, 2006).

Nokia's need for a speedy resolution is further belied by the fact that it has recently filed two, separate patent infringement lawsuits involving wireless technology against Apple in Delaware.  If Nokia was at risk of losing market share and thus sought a

---

[2] According to Nokia's reading of federal statistics, the median time between filing a lawsuit and trial in the Western District of Wisconsin is 15 months, while the median time between filing a lawsuit and trial in the District of Delaware is 34 months.  (Dkt. # 21, at 12.)

speedy resolution of its claims, then why did it not file the first two lawsuits in Wisconsin?[3]  *See Lineage Power Corp. v Synqor, Inc.*, No. 08-CV-397-SLC, 2009 WL 90346, at *7 (W.D. Wis. Jan. 13, 2009) ("If [plaintiff] Lineage was so concerned about a delay of 17 to 26 months between a trial date in Madison and what it expects to receive from the court in Marshall, then Lineage should have filed its first lawsuit here, period."). What's more, Nokia filed its first lawsuit against Apple in Delaware in October 2009 and did not initiate this action in Wisconsin until May 2010 — almost 7 months later.  Thus, "[t]he history of litigation between the parties calls plaintiff's stated concern with obtaining a speedy resolution into doubt." *Broadcom Corp. v. Microtune, Inc.*, No. 03-CV-0676-S, 2004 WL 503942, at *4 (W.D. Wis. Mar. 9, 2004); *see also Pitney Bowes, Inc. v. Data-Pac Mailing Sys. Corp.*, No. 07-CV-470-JCS, 2007 WL5614076, at *5 (W.D. Wis. Dec. 4, 2007) ("plaintiff's argument that the interests of justice support its need for a speedy trial is further weakened by its failure to act sooner despite knowledge of the potential infringement").  Accordingly, little weight is given to Nokia's need for a speedy trial.


   2.  Feasibility of Consolidation

    In contrast, Apple persuasively argues that a transfer of this matter will advance the interests of justice because it can facilitate consolidation with pending litigation in Delaware.  "To permit a situation in which two cases involving precisely the same issues

---

    [3] Nokia's position would be more convincing if it could demonstrate that infringement of the patents in the present lawsuit poses a more immediate threat to Nokia's market share than infringement of the patents in the Delaware lawsuits.  Nokia, though, presents no such argument to the court.

are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960).  Apple moved to consolidate the Nokia and HTC cases currently pending in Delaware, and asserts it will move to consolidate this case, too, if transferred.[4]   Nokia argues that any notion of consolidation is purely speculative, particularly because this case is not sufficiently related to the Delaware cases to warrant transfer.   There are, however, sufficient common questions of law or fact to weigh in favor of transfer to a forum where consolidation is feasible.[5]

The feasibility and practicality of consolidation supports an expectation that this case would be consolidated with the related litigations between these parties in Delaware. The parties are the same and there will be common questions of law and fact because each action involves the same potentially infringing products: the Apple iPhone, iPhone

---

[4] As noted, Apple's motion to consolidate was denied on December 6, 2010.  (*See Nokia Corp. v. Apple, Inc.*, No. 09-cv-791-GMS, dkt. #140.)  In denying the motion, the Judge noted that consolidation of the four cases (two of which had been stayed and two of which involved a third international competitor) "would not streamline the proceedings."  (*Id.*)  Here, Apple may find greater success in moving to consolidate two cases:  neither is stayed, the parties are the same, and the technology and competing products overlap.  Even if a motion to consolidate is rejected, Judge Sleet made clear that any disputes about the construction of claim terms present in the pending patent infringement cases would be considered together at the May 16, 2011 claim construction hearing.  (*Id.* at 1 n.2.)

[5] Of course, there is no guarantee of consolidation, even with the first Nokia lawsuit proceeding against Apple in Delaware.  Still, transfer is appropriate here.  *See AXA Corporate Solutions v. Underwriters Reinsurance Corp.*, 347 F.3d 272, 277 (7th Cir. 2003) ("devices such as 28 U.S.C. § 1404(a) . . . exist for the total or *partial* consolidation of related cases from different districts") (emphasis added); *Rudich v. Metro Goldwyn Mayer Studio, Inc.*, No. 08-CV-389-BBC, 2008 WL 4691837, at *6 (W.D. Wis. Oct. 22, 2008) (finding transfer to a district with related litigation pending was still appropriate even if the cases were not consolidated).

3G, and iPhone 3GS.  In addition, the patents feature technological overlap, such as the manner in which mobile devices interface with users, transmit and receive user information over the air, and how these devices encode, modulate, and encrypt information transmitted over the air.

Nokia argues that any technological overlap is too general to justify transfer. Specifically, Nokia asserts that different patents are at issue in Delaware than in Wisconsin, different processes and components will be at issue for each patent, and any overlap was "manufactured" by Apple in the counterclaims it filed in this district.  The fact that there is no direct overlap in patents, however, is not, by itself, a sufficient justification to deny transfer.  *See Abbot Labs v. Selfcare, Inc.*, No. 98-CV-7102, 1999 WL 162805, at *2 (N.D. Ill. Mar. 15, 1999) (granting motion to transfer even though the different cases were "directed to different patents").

In litigation of this size involving this number of patents, a party will surely be capable of drawing distinctions in the technology and its components.  At a minimum, these cases involve the same parties, same products, similar components, and at least some degree of overlapping technology.  Chief Judge Sleet in Delaware will thus already be familiar with the general technology underlying Apple's wireless communication devices.  When such is the case, it is to the parties' benefit to litigate before a judge that is familiar with the products and general technology.  *See Broadcom Corp.*, 2004 WL 503942, at *4 (granting motion to transfer in part because the transferee district was "familiar with the general . . . technology and specific accused devices at issue in the current dispute . . . [and] the parties involved").  To require two different courts to

11

educate themselves about the same underlying technology does not promote judicial efficiency. *See Lineage Power Corp.*, 2009 WL 90346, at *6 (finding judicial efficiency in transferring case "because the court in Marshall already is obliged to learn power converter technology . . . [and] incurs only a small marginal cost to use that knowledge to preside simultaneously over a third case between the same principals over the same technology").

The technological overlap present also suggests that discovery in these cases will be intertwined. Because the products are the same in each case, many of the same product components will be addressed. Further, as mentioned earlier, the cases involve many of the same non-party witnesses, thus likely presenting many of the same non-party discovery issues. Accordingly, coordinating discovery in one district would promote efficiency by avoiding duplicative discovery.[6]

Perhaps most importantly, because both cases involve the same products and at least related patents, transfer reduces the chances of conflicting judicial decisions. At minimum, the cases are likely to involve similar, if not the same, disputes concerning motions to compel, protective orders, and evidentiary disputes. In such a circumstance, having the same court oversee these issues provides "a more efficient administration of the court system by avoiding . . . inconsistent judgments." *Kraft Foods Holdings, Inc. v. Proctor & Gamble, Co.*, No. 07-CV-613, 2008 WL 4559703, at *13 (W.D. Wis. Jan. 24, 2008).

---

[6] These benefits would likewise follow even if the cases are not ultimately consolidated. A judge would still be familiar with the parties, their products, and the underlying technology.

After considering all relevant factors under 28 U.S.C. § 1404(a), the court, therefore, is satisfied that the interests of justice clearly weigh in favor of transferring this case to the United States District Court of Delaware, making litigation of this case in Delaware clearly more convenient.

ORDER

IT IS ORDERED that

(1)     Plaintiff Nokia's motion for leave to supplement its response (dkt. # 50) is GRANTED; and

(2)     Defendant Apple's motion to transfer this matter to the U.S. District Court for Delaware (dkt. # 12) is GRANTED.

(3)     The clerk of court is directed to transmit the file to the U.S. District Court for the District of Delaware as soon as possible.

Entered this 4th day of January, 2011.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

13